IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SKYRIVER TECHNOLOGY SOLUTIONS, LLC, et al., | : : : |
| Plaintiffs, | : Case No. 2:10-cv-1017 : : Judge Watson |
| vs. | : : |
| OCLC ONLINE COMPUTER LIBRARY CENTER, INC., | : Magistrate Judge Kemp : : |
| Defendant. | : : |

**JOINT MOTION TO STAY DISCOVERY**

Plaintiffs SkyRiver Technologies LLC and Innovative Interfaces Inc. ("Plaintiffs") and Defendant OCLC Online Computer Library Center, Inc. ("OCLC") hereby jointly move to stay discovery in this case pending determination of the Motion to Dismiss OCLC will file on December 13, 2010.  A memorandum in support of this motion is submitted herewith.

Respectfully Submitted,

       /s/ Robert M. Kincaid, Jr.
Thomas L. Long (0023127), Trial Attorney
Robert M. Kincaid, Jr. (0017929)
Baker & Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215-4260
Telephone:    (614) 228-1541
Facsimile:    (614) 462-2616
E-mail:       tlong@bakerlaw.com;
rkincaid@bakerlaw.com

Arthur J. Shartsis (pro hac application pending)
Mary Jo Shartsis (pro hac application pending)
Robert E. Schaberg (pro hac application pending)
Shartsis Friese LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
E-mail: ashartsis@sfaw.com, mjshartsis@sflaw.com, rschaberg@sflaw.com

*Counsel for Plaintiffs SkyRiver Technologies LLC and Innovative Interfaces Inc.*


         /s/ James A. Wilson
James A. Wilson (0030704), Trial Attorney
Douglas R. Matthews (0039431)
Martha C. Brewer (0083788)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio  43216-1008
Telephone:    (614) 464-5606
Facsimile:    (614) 719-5039
E-mail:jawilson@vorys.com drmatthews@vorys.com; mcbrewer@vorys.com

*Counsel for Defendant OCLC Online Computer Library Center, Inc.*

**MEMORANDUM IN SUPPORT**

The parties to this case jointly seek a stay of discovery pending resolution of the Motion to Dismiss OCLC will file on December 13, 2010. Resolution of the Motion to Dismiss will have one of several results: it may result in the dismissal of all or part of Plaintiffs' claims, thereby eliminating or narrowing the scope of discovery needed; it may result in allowing plaintiffs to proceed on all claims, thereby eliminating disagreement regarding the breath of necessary discovery; or, it may result in clarification of the claims, refining the scope of discovery needed. In any event, a stay of discovery will serve all parties interests, and reduce the costs of resolving this case.

A stay of discovery is committed to the sound discretion of the trial court. *Carter v. Wilkinson*, No. 2:05-cv-0380, 2009 WL 81217, 13 (S.D. Ohio Jan. 8, 2009) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)). However, pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009), strong public policy reasons counsel "against sending the parties into discovery" before the district court determines if the complaint states an antitrust claim upon which relief can be granted. *Twombly*, 550 U.S. at 558 (quotation omitted). Likewise, the *en banc* Sixth Circuit has stated that antitrust complaints are evaluated at the "*threshold*" and that this "*pleading-stage inquiry*" occurs "'in advance of discovery.'" *Nicsand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007) (*en banc*) (emphasis added) (quoting *Twombly*, 550 U.S. at 558).

Following *Twombly*, courts thus routinely stay discovery pending adjudication of an antitrust complaint. *See*, *e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, *3 (N.D. Ill. Oct. 28, 2008) ("[a]bsent circumstances presenting a compelling need for prompt discovery – as there might be if, for example, provisional relief were being sought or if

3

testimony needed to be preserved due to the ill health of a witness – the court finds that *the principles underlying* Twombly *counsel in favor of granting defendants' motion to stay [discovery]*" and thus granting the defendants' motion to stay discovery pending the outcome of their motion to dismiss (emphasis added) (citation omitted)); *McLafferty v. Deutsche Lufthansa A.G.*, Civil Action No. 08-1706, 2008 WL 4612856, *2 (E.D.Pa. Oct. 15, 2008) ("*delaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim may help to streamline the expensive discovery process*" and thus granting a motion to stay (emphasis added) (citing *Twombly*)).  *See also*, *e.g.*, *Whiteside v. Parrish*, No. 2:05-CV-280, 2007 WL 2156277, *4 (S.D. Ohio July 24, 2007) (discussing previous grant of stay of discovery pending adjudication of motion to dismiss).

In *Iqbal*, the Supreme Court reiterated that the policy behind *Twombly* normally requires a stay of discovery in complex cases in which a motion to dismiss is pending.  129 S.Ct. at 1950, 1953.  Cases following *Iqbal* have determined that the policy behind *Iqbal* (and thus behind *Twombly*) urge a stay of discovery in legally complicated cases.  *See Coss v. Playtex Prods., LLC*, --- F.Supp.2d ----, 2009 WL 1455358, *3 (N.D. Ill. 2009) ("[p]ost *Iqbal*, the *policy* against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast" (emphasis added)).  Thus, "[i]f the complex case is one susceptible to the burdensome and costly discovery contemplated by [*Twombly*] and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed." *Id*. (citation omitted).  *See also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331 (N.D. Ill. 2005) (noting that stays on discovery are often appropriate when a motion to dismiss has been filed).  *See also Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009); *Spears v. Metropolitan Life Ins. Co.*, 2009 WL 2408928, *2 (N.D.Ind. 2009) (discussing stay of discovery pending adjudication of motion to dismiss); *Coss*

*v. Playtex Prods., LLC*, 2009 WL 1455358, *3 (N.D.Ill. 2009) (finding that "[p]ost *Iqbal*, the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast").

In this case, consistent with these authorities, the parties agree that a stay of discovery will lead to the most efficient, least expensive resolution of this case, regardless of the Court's ruling on OCLC's Motion to Dismiss.  Accordingly, they jointly urge the Court to stay discovery pending resolution of that motion.

Respectfully Submitted,

/s/ Robert M. Kincaid, Jr.
Thomas L. Long (0023127), Trial Attorney
Robert M. Kincaid, Jr. (0017929)
Baker & Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215-4260
Telephone:     (614) 228-1541
Facsimile:      (614) 462-2616
E-mail:          tlong@bakerlaw.com; rkincaid@bakerlaw.com

Arthur J. Shartsis (pro hac application pending)
Mary Jo Shartsis (pro hac application pending)
Robert E. Schaberg (pro hac application pending)
Shartsis Friese LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
E-mail:           ashartsis@sfaw.com, mjshartsis@sflaw.com, rschaberg@sflaw.com,

*Counsel for Plaintiffs SkyRiver Technologies LLC and Innovative Interfaces Inc.*

      /s/ James A. Wilson
James A. Wilson (0030704), Trial Attorney
Douglas R. Matthews (0039431)
Martha C. Brewer (0083788)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio  43216-1008
Telephone:     (614) 464-5606
Facsimile:      (614) 719-5039
E-mail:          jawilson@vorys.com;
drmatthews@vorys.com; mcbrewer@vorys.com

*Counsel for Defendant OCLC Online Computer Library Center, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned being counsel for Defendant. certifies that a true copy of the foregoing Joint Motion was served, this 3rd day of December, 2010 via either the Court's CM/ECF system in accord with Fed. R. Civ. P. 5(b)(2)(E) or by Regular U.S. mail, upon all counsel of record.

/s/ James A. Wilson
James A. Wilson